(Reap. Dec. 9152)

AUTOBOOKS *v.* UNITED STATES

Entry No. 21892.

(Decided May 14, 1958)

Plaintiff not represented by counsel.

*George Cochran Doub,* Assistant Attorney General (*Richard E. FitzGibbon,* trial attorney), for the defendant.

WILSON, Judge: This appeal for reappraisement covers certain books, which were appraised at 80 shillings each, less a discount of 33⅓ per centum. Plaintiff claims the proper value of the merchandise is the invoiced price, less a discount of 40 per centum.

Section 402 (c) of the Tariff Act of 1930, as amended, provides that the foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise "is freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade * * *." Section 402 (d) of the tariff act provides that the export value of imported merchandise shall be "the market value or the price * * * at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States * * *." The plaintiff herein has failed to establish the claimed value within the above statutory limitations.

The record herein is devoid of any competent evidence to overcome the presumption of correctness attaching to the appraisement. The plaintiff's owner, appearing in person on his own behalf, made an unsworn statement and then presented to the court certain documents (plaintiff's collective exhibit 1), which he designated "affidavits," but which, in reality, are ordinary letters which do not meet the requirements specified in 28 U. S. C., section 2633, wherein it is stated "affidavits and depositions of persons whose attendance cannot reasonably be had, price lists and catalogues * * * may be admitted in evidence." Furthermore, even though the letters constituting plaintiff's collective exhibit 1 were construed to be statements meeting the requirements of section 2633, *supra,* yet they fall far short of proving plaintiff's case.

Accordingly, I find and hold that the proper value of the merchandise is the value returned by the appraiser. Let judgment be entered accordingly.